UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20007-CIV-MORENO/SIMONTON
<u>CONSENT CASE</u>

ANDRE JOHNSON and all others similarly
situated under 29 U.S.C. § 216(B),

    Plaintiffs,

v.

EXPRESS SERVICE MESSENGER &
TRUCKING, INC., and GISTAVO A. CIFUENTES,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Presently pending before the Court is Defendants' motion for summary judgment (DE # 43).[1] Plaintiff has also filed a motion for leave to file an amended complaint (DE # 41). Defendants filed a single document responding in opposition to Plaintiff's request to file an amended complaint and separately requesting that the Court stay all proceedings pending the disposition of its summary judgment motion (DE # 42).[2] This case has been referred to the undersigned Magistrate Judge based upon the consent of the parties (DE # 14). The undersigned has thoroughly reviewed the record and, for the reasons stated herein, Defendants' motion for summary judgment (DE # 43) is **GRANTED**; Plaintiff's motion for leave to file an amended complaint (DE # 41) is **DENIED**; and, Defendants' motion to stay (DE # 42) is **DENIED AS MOOT**.

---

[1] This motion is fully briefed (DE ## 48, 51).

[2] Plaintiff responded to the portion of Defendants' document requesting that the proceedings be stayed (DE # 45), and Defendants filed a reply in support of their motion to stay (DE # 52). Plaintiff, however, never filed a reply in support of his motion for leave to file an amended complaint and the time to file a reply has expired.

I.     **INTRODUCTION**

Plaintiff, Andre Johnson, filed a complaint in which he alleged that he worked as a delivery man for Defendants over a single week in December 2006; that he worked more than forty hours; and, that Defendants did not pay him any wages whatsoever, in violation of the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* (DE # 1 at ¶ 9-10).  Plaintiff also alleged that Defendants "promised to pay Plaintiff for gas and the usage of his car[,] but never did so," in violation of 29 C.F.R. 531.2(d)(1)-(2) (DE # 1 at ¶ 10).[3]  Plaintiff requested double damages and attorneys' fees (DE # 1 at 3-4).  Defendants filed the instant motion to assert that they are entitled to summary judgment because Plaintiff has failed to prove, as a matter of law, that this Court has subject-matter jurisdiction over the complaint (DE # 43).

II.    **LEGAL STANDARDS**

A.    **Summary Judgment**

Under the familiar standard of Federal Rule of Civil Procedure 56(c), summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  The movant has satisfied its burden of proof if, "after adequate time for discovery," the non-movant has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  When the motion is filed by a defendant and

---

[3] Although Plaintiff's claim for gas pursuant to 29 C.F.R. 531.3(d)(1)-(2), is merely implied in the Complaint, the Court granted an oral motion to amend the complaint to expressly include that claim (DE # 33 at ¶ 1).

addresses the adequacy of plaintiff's causes of action, the defendant's "burden is not to produce evidence negating the existence of material facts; rather, the burden is to 'point out the absence of evidence supporting the nonmoving party's case.'" *Compania de Elaborados de Café v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1274 (S.D. Fla. 2003) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992)); *see also Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004).

Assuming the moving defendant has met its initial burden, the non-moving plaintiff "may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  There must be a *genuine* factual dispute sufficient to permit a *reasonable* jury to return a verdict for the non-movant; and, "[f]or factual issues to be considered genuine, they must have a real basis in the record." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) (quoting *Hairston v. Gainesville Sun Publishing Co.*, 9 F.3d 913, 918 (11th Cir. 1993)).  "For instance, mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion."  *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005). While the Court must view all of the evidence and any inferences arising therefrom in light most favorable to the non-movant, it is nevertheless insufficient for the non-movant "to state what the evidence at trial will demonstrate" without producing actual "evidence to refute the factual claims contained in the motion for summary judgment." *Schvaneveldt v. Mastec N. Am., Inc.*, 306 F. Supp. 2d 1177, 1181 (S.D. Fla. 2004) (citing *Hairston*, 9 F.3d at 918).  Nor is the Court "required to 'scour the record to determine

whether there exists a genuine issue of material fact to preclude summary judgment.'" *Cardinal Capital*, 401 F. Supp. 2d at 1282 n.5.

### B. <u>Jurisdiction Under the Fair Labor Standards Act</u>

The basis of Defendants' motion for summary judgment is that Plaintiff has not established that jurisdiction exists under the FLSA. It is therefore necessary to review the two bases by which a plaintiff may satisfy the FLSA's jurisdictional predicate.

First, "Enterprise Coverage" exists if the employer:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1). If the prerequisites for Enterprise Coverage are met, each and every employee can assert jurisdiction under the FLSA.

Second, regardless of whether Enterprise Coverage exists, "Individual Coverage" confers jurisdiction over any employee who, in the course of his employment, is "engaged in commerce" or is engaged in "the production of goods for commerce." 29 U.S.C. §§ 206(a)(1), 207(a)(1). To determine whether Individual Coverage exists, the Court must focus on the particular activities of the employee, rather than the general business of the employer. *See Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 211 (1959). The Individual Coverage inquiry "is essentially a line-drawing exercise." *Brennan v. Wilson Bldg., Inc.*, 478 F.2d 1090, 1094 (5th Cir. 1973). An employee who makes local deliveries of packages between local customers is not "engaged in commerce" or "the production of goods for commerce" within the meaning of the FLSA.

*See Navarro v. Broney Automotive Repairs, Inc.*, 533 F. Supp. 2d 1223, 1226 (S.D. Fla. 2008) (finding that plaintiff's responsibility for transporting car parts from local retailers to a local automobile repair shop, even though the car parts were manufactured outside of the state, does not constitute interstate activity sufficient to give rise to FLSA jurisdiction under the FLSA); *Junkin v. Emerald Lawn Maintenance and Landscaping, Inc.*, No. 6:04-CV-1537-ORL-31KRS, 2005 WL 2862079, at *4 (M.D. Fla. Nov. 1, 2005) (transportation of insecticides and fertilizers to local customers); *Sobrinio v. Medical Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (driving customers back and forth between a medical center and local stores). *Compare Brennan*, 478 F.3d at 1093-94 (elevator operators who transported passengers delivering interstate mail, parcel post and freight "engaged in interstate commerce" because the goods they transported continued to flow in interstate commerce until delivered to the tenants of the building in which the elevators operated).

## III.  FACTUAL BACKGROUND

As his basis for jurisdiction under the Fair Labor Standards Act, Plaintiff alleged in his complaint that "[b]oth the Defendant's business and the Plaintiff's work for the Defendant" substantially "affected interstate commerce . . . for the relevant time period because the materials that he used or the cars that he drove on a constant and/or continual basis and/or that were supplied to him by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same," and that Defendant, "on information and belief, grossed more than $500,000 annually for the relevant time period" (DE # 1 at ¶ 9).[4]  Plaintiff further alleged that

---

⁴ Plaintiff appears to have abandoned his position, suggested in his amended complaint, that the use of a car to make deliveries is relevant to the "interstate

"Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while she [*sic*] worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant" (DE # 1 at 3).

After adequate time for discovery, Defendants filed this motion for summary judgment, arguing that Plaintiff could not fulfill his burden of proving the existence of jurisdiction under the FLSA as a matter of law.  Based upon her review of the record as a whole, the undersigned makes the following findings of fact, which are drawn in large measure from the uncontradicted affidavit of Gustavo Cifuentes, the individual defendant in this case, as well as the representative and sole corporate officer and shareholder of the corporate defendant (DE # 43, Exh. A):

Plaintiff's term of employment as a delivery man in Defendants' courier service lasted from December 5 to December 8, 2006, during which time he performed seventeen local deliveries, meaning that he picked up each package in Miami-Dade County, Florida and delivered it to another location in Miami-Dade County, Florida (DE # 43 at 3).  Express "never received any payments from customers located out of state" (DE # 43, Exh. A at ¶ 14), and "[a]ll of Plaintiff's business involves courier services in South Florida for local people and businesses" (DE # 43, Exh. A at ¶ 15).[5]  Defendants attached

---

commerce" prong of the FLSA jurisdiction analysis based solely on the fact that the car traveled, or could be expected to travel, in interstate commerce for reasons unrelated to Plaintiff's employment.

[5]  The undersigned notes that Defendants and their counsel appear to misuse the terms "Plaintiff" and "Defendant" at various points in their trial documents.  For instance, it makes little sense for Mr. Cifuentes to refer to "all of *Plaintiff's* business," and declare that it "involves courier services," since Plaintiff was only a delivery man for three days; moreover, Plaintiff's short tenure in the courier business ended four months prior to Mr. Cifuentes' affidavit and yet he refers to Plaintiff's business involving courier services in the present tense, not the past tense.  Nevertheless, because it is not entirely nonsensical to conclude that Mr. Cifuentes intended to refer to the Plaintiff, because the

**Express' corporate tax returns and gross revenue information to their motion for summary judgment in order to demonstrate that between January 1, 2005 and December 31, 2006, Express' "gross revenue was well under $500,000 annually," and, indeed, that Express has "never had a four-consecutive quarter period in which gross revenue exceeded $500,000, and never had a calendar year in which gross revenue exceeded $500,000 annually" (DE # 43 at 4).**

**Plaintiff responded to Defendants' motion and statement of material facts by filing an opposition brief as well as a statement of material facts in dispute (DE ## 48-49). Plaintiff did not challenge Defendants' statement, supported by the evidence, that Express' gross revenue for the relevant period did not exceed $500,000 annually.**

**As to the interstate character of Defendants' business and Plaintiff's employment, Plaintiff's Statement of Material Facts contains the following:**

> **Plaintiff states that he cannot be sure whether Defendants are involved in interstate commerce for the purposes of the FLSA, because it is not clear whether Defendants' courier service delivers packages that include items considered interstate commerce (for example, if Defendant delivers U.S. Mail within any of its packages, such alone would be sufficient interstate commerce to trigger individual or enterprise coverage under the FLSA). Nevertheless, Plaintiff is unable at this time to demonstrate to the Court the**

---

**reference to "all of Plaintiff's business" is repeated in the motion as well as the affidavit, and because all inferences must be drawn in favor of Plaintiff as the party resisting summary judgment, the Court will take Mr. Cifuentes' affidavit as it appears.**

**The presumption that Defendants said "Plaintiff" when they meant "Defendants" in this instance is buttressed in light of a similar error, where Mr. Cifuentes' affidavit states that *Express* "never received payments from customers located out of state," but the motion cites to this portion of the affidavit for the proposition that "*Plaintiff* never received any payments from customers or in any way [*sic*] that was from out of state" (DE # 43 at 4; DE # 43, Exh. A at ¶ 14). It is not necessary to resolve this inconsistency, because even if the Court were to adopt the more restrictive interpretation, which is more favorable to the Plaintiff, the analysis does not change: For the reasons stated in more detail below, there is no enterprise coverage under the FLSA because Express grossed less than $500,000 for the relevant period, so it is irrelevant whether the corporation has an interstate character.**

7

content of the packages that are sealed for couriering purposes (DE # 49 at ¶ 1).

Plaintiff further suggested that, even if the Court were to dismiss his FLSA claims for lack of subject matter jurisdiction, it should nevertheless retain jurisdiction over this case, in order to allow Plaintiff to amend his complaint to plead state-law claims for minimum wages and other damages (including unpaid fuel costs) under the Florida Constitution as well as under Florida statutory law.  Plaintiff argues that the Court should exercise supplemental jurisdiction over his putative state-law claims because they do not involve novel issues of state law and refusing to do so would squander judicial resources (DE # 48 at 2-3).[6]

Following Defendants' reply brief, which was filed on April 15, 2008, the Court issued an Order permitting Plaintiff to supplement the record with any material evidence to oppose the summary judgment motion on or before June 3, 2008 (DE # 53) ("The failure of a party to exercise its rights pursuant to this notice and Federal Rule of Civil Procedure 56 to file materials in opposition to a summary judgment motion may result in the Court accepting any of the moving party's uncontroverted evidence as true"). Plaintiff has not supplied any additional evidence to date.

---

[6] Plaintiff's amended complaint asserting these state-law causes of action appears as an attachment to his motion for leave to file an amended complaint (DE # 41). Defendants filed a document which both responded to Plaintiff's motion and sought leave to stay these proceedings pending an order resolving the summary judgment motion (DE # 42).  Plaintiff responded to the motion to stay (DE # 50), but never filed a reply in support of his motion to file an amended complaint.

IV.   ANALYSIS[7]

Plaintiff failed to offer any competent evidence to indicate that he is capable of sustaining his burden of proving at trial that FLSA jurisdiction exists based on either Enterprise or Individual Coverage.  Therefore, Defendants' motion for summary judgment must be granted.

Defendants assert that Mr. Cifuentes' liability as a corporate officer is purely derivative of Express' liability as a corporate defendant; and, therefore, Mr. Cifuentes is not subject to suit if the Court finds FLSA jurisdiction lacking as to Express (DE # 43 at 11; DE # 51 at 3).  This Court agrees.  Having failed to establish FLSA jurisdiction, Plaintiff can neither proceed against Express, nor against Mr. Cifuentes individually.[8]

A.   **Enterprise Coverage**

Plaintiff has conceded this argument by failing to challenge the evidence offered by Defendants that Enterprise Coverage does not exist because Express' gross

---

[7] This Court does not address the matter of whether Plaintiff was an independent contractor.  Curiously, Plaintiff devoted more than half of his response to this issue even though he recognized that it was not raised by Defendants (except in passing), and therefore is not relevant to the resolution of the matters presently pending before the Court, which is limited to whether there is enterprise or individual coverage under the FLSA (DE # 48 at 1) ("Defendant[s] do[ ] not appear to clearly address the independent contractor issue, but Plaintiff responds as set forth below.").

[8] Though Plaintiff has waived any counter-argument, the undersigned notes that the factual record in this case supports Defendants' position that Mr. Cifuentes is not individually liable based on his involvement in the day-to-day operations of the business. Plaintiff himself filed an affidavit in support of his response to Defendants' motion for summary judgment in which he averred that it was unidentified managers and assistants – not Mr. Cifuentes – who "hired [him] to work," (DE # 49, Exh. 1 at 1, ¶ 4); "told [him] what to do, what deliveries to make and when to make them," (*id.* at ¶ 5); "controlled the nature and degree of the work [he] performed," (*id.* at ¶ 6); "refused to tell [him] how much [he] would be paid . . . and refused to pay [him] anything," (*id.* at ¶ 9).  See *Casseus v. First Eagle, L.L.C.*, No. 07-23228-CIV-ASG, 2008 WL 1782363, at *5 (S.D. Fla. April 18, 2008) (citing *Patel v. Wargo*, 803 F.2d 632, 637 (11th Cir. 1986)).

revenues did not exceed $500,000 during the relevant period.  Without "*some* affirmative evidence to demonstrate a genuine issue for trial," the Court is not at liberty to presume that Enterprise Coverage exists.  *Sandoval v. Fla. Paradise Lawn Maintenance, Inc.*, No. 07-22298-CIV-HUCK, 2008 WL 1777392, at *7 (S.D. Fla. April 17, 2008) (citing *Scott v. K.W. Max Investments, Inc.*, 265 Fed. Appx. 244 (11th Cir. 2007)).  Defendants' position in this case is especially compelling because Plaintiff not only has failed to offer any evidence to suggest that he could sustain his burden of proof at trial, but Defendants have offered proof of their own to demonstrate that there is no Enterprise Coverage based on the fact that Express' tax returns indicate that Express' annual gross receipts have never exceeded $500,000, a fact which Plaintiff has not attempted to dispute.

      B.      Individual Coverage

Moreover, Plaintiff has also failed to offer any evidence to show that a genuine issue of material fact exists with regard to the interstate commerce prong of the Individual Coverage inquiry under the FLSA.  Plaintiff's sole basis for arguing that Defendants' motion should be denied is his counsel's opinion that "it is not clear whether Defendants are involved in interstate commerce for the purposes of the FLSA;" and his counsel's speculation, couched in parenthesis, that "if Defendant delivers U.S. Mail within any of its packages, such alone would be sufficient interstate commerce to trigger individual or enterprise coverage under the FLSA" (DE # 48 at 2).  Plaintiff cannot rely on these conclusory statements based upon his counsel's conjecture in order to rebut Defendants' contention that Plaintiff, "after adequate time for discovery," cannot "establish the existence of an element essential to [Plaintiff's] case, and on which [Plaintiff] will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The law is clear that "[i]n the course of responding to a summary judgment motion, it is insufficient to state what the evidence at trial will demonstrate. Rather, a party must produce evidence to refute the factual claims contained in the motion for summary judgment." *Schvaneveldt v. Mastec N. Am.*, 306 F. Supp. 2d 1177, 1181 (S.D. Fla. 2004).[9] Plaintiff has not indicated that such proof exists, despite being given an opportunity to respond to the arguments and evidence contained in Defendants' motion as well as the opportunity to supplement the record with material evidence. Nor has Plaintiff requested the opportunity to conduct additional discovery to that end. *See* Fed. R. Civ. P. 56(f).

Defendants, on the other hand, introduced uncontroverted factual evidence establishing that Plaintiff's work for Defendants encompassed solely intrastate activities and, therefore, Plaintiff does not have Individual Coverage under the FLSA.[10] As argued

---

[9] The undersigned is cognizant of the fact that a litigant in Plaintiff's position might find it difficult to sustain his burden of proof because, as his response suggests, he "is unable . . . to demonstrate to the Court the content of the packages" he delivered which are "sealed for couriering purposes," and the content of those packages might be relevant to establishing Individual Coverage under the FLSA (DE # 48 at 2). Rather than militating against summary judgment, however, the circumstances Plaintiff describes are precisely suited to summary judgment because his admitted inability to support his claims with any probative evidence is what makes summary judgment an appropriate procedure by which "to secure the just, speedy and inexpensive determination of [this] action," where there is absence of proof upon which a reasonable jury could possibly find in Plaintiff's favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

[10] Even if it were permissible for the Court to fill in gaps in the evidentiary record with its own assumptions, the undersigned notes that it is unlikely that the type of courier services Plaintiff performed for Defendants were sufficiently interstate in character as to give rise to Individual Coverage under the FLSA. Contrary to Plaintiff's counsel's suggestion that Plaintiff may have delivered U.S. Mail, common sense dictates that it is unlikely that a courier would have occasion to handle such deliveries when the United States Postal Service permits a sender to address mail directly to the intended recipient. This is not a case like *Alvarado v. I.G.W.T. Delivery Sys., Inc.*, 410 F. Supp. 2d 1272 (S.D. Fla. 2006), where the employee worked for a courier service that had an independent contract with an international mail carrier to perform its local (i.e.,

by Defendants, citing *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 571 (1943), this is the sort of local business that Congress intended to leave to regulation by the state. Unlike *Brennan v. Wilson Bldg., Inc.*, 478 F.2d 1090, 1094 (5th Cir. 1973), there is no evidence that Plaintiff here was involved in the transportation of goods that continued to flow in commerce until delivery to their final destination; that is to say, there is no evidence to contradict the Affidavit of Defendant that these were purely local deliveries.

### V.    SUPPLEMENTAL JURISDICTION

Having found that this Court lacks jurisdiction over Plaintiff's FLSA claims, the undersigned now turns to address Plaintiff's argument that he should be given the opportunity to amend his complaint to assert mirror-image state law claims and that the Court should exercise supplemental jurisdiction over those claims.[11]

Plaintiff's position is unavailing. Though Plaintiff's supplemental state-law claims form part of the same case or controversy as his FLSA claims, the Court may nevertheless decline to exercise supplemental jurisdiction where, as here, it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367. To be sure, the Court is not absolutely barred from exercising supplemental jurisdiction even after all the federal claims have been dismissed, but it is an understatement to say that such occasions are rare, especially when the federal claims are all dismissed prior to

---

intrastate) pick-ups and deliveries. There is no indication that Plaintiff – or, for that matter, any employee of Express – handled any goods that moved in interstate commerce. *Compare id.* at 1276-77 ("According to testimony provided by several Plaintiffs, [the defendant] clearly picks up packages and letters intended for delivery throughout the United States, as well as internationally.").

[11] As stated above, Plaintiff's motion for leave to file a second amended complaint is currently pending before the Court (DE # 41). Defendants have responded in opposition (DE # 45) and the deadline to file a timely reply has passed.

trial.  *See Arnold v. Tuskegee Univ.*, 212 Fed. Appx. 803, 811 (11th Cir. 2006) ("When the district court has dismissed all federal claims from a case, there is a strong argument for declining to exercise supplemental jurisdiction over the remaining state law claims."); *see also Scarfo v. Ginsberg*, 175 F.3d 957, 962 (11th Cir. 1999) ("once the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, courts must dismiss a plaintiff's state law claims").  Remarkably, even the lead case that Plaintiff cites in support of his argument that this Court should exercise its discretion to assert supplemental jurisdiction found that the trial court "did *not* abuse its discretion in declining to exercise supplemental jurisdiction over [Plaintiff]'s state law claims because all other claims over which the court had original jurisdiction were dismissed," and expressly noted that "[w]e have encouraged district courts to dismiss any remaining state claims when the federal claims have been dismissed prior to trial." *McCray v. Potter*, No. 06-16678, 2008 WL 142032, at *2 n.2 (11th Cir. Jan. 16, 2008) (quoting *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004)) (emphasis added and internal modifications omitted).  A court may consider all of the § 1367(c) factors, as well as the considerations enumerated of "judicial economy, convenience, fairness and comity" in deciding whether to exercise supplemental jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

  Plaintiff argues that the Court should exercise supplemental jurisdiction because (1) the state law claims are neither novel nor complex and (2) because re-filing their state-law claims in State Court would be a waste of resources for the parties and the courts, in light of the fact that the trial of this case is specially set to commence in approximately five months (DE # 48 at 3).  Neither of these facts impels this Court to sit in judgment of Plaintiff's amended complaint which asserts only state-law causes of

action.  First, there is no inherent unfairness in requiring a party to pay the nominal filing fees required to bring an action in the appropriate Court possessing jurisdiction over a plaintiff's claims, and Plaintiff in this case has not indicated that he is unable to pay those fees.  Second, the fact that this case is still in the pretrial stages provides good cause to decline jurisdiction.  There is no basis to conclude that either party would suffer any substantive prejudice if this case were to be tried in State Court, and any minor inconveniences the parties may encounter are outweighed by the interests of comity that are served by allowing the Florida courts to decide the uniquely state law issues raised in Plaintiff's proposed amended complaint.

Because it would be futile for Plaintiff to amend his complaint in order to assert additional state-law causes of action, over which this Court lacks jurisdiction, it is, accordingly,

**ORDERED AND ADJUDGED** that Plaintiff's motion for leave to file an amended complaint (DE # 41) is **DENIED**.  It is further

**ORDERED AND ADJUDGED** that Defendants' motion for summary judgment (DE # 43) is **GRANTED**.  Finally, in light of the above, it is

**ORDERED AND ADJUDGED** that Defendant's motion to stay (DE # 42) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers, in Miami, Florida on July 25, 2008.

*Andrea M. Simonton*
_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies to:**
**All counsel of record**